UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 14-12674-BKC-JKO |
| UNITED ELECTRONICS, CORPORATION, | Chapter 11 |
| Debtor. | |
| _____/ | |

**DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION; AND (3) SCHEDULING A FINAL HEARING**

\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\*

**The Debtor requests an emergency hearing in this matter to prevent immediate and irreparable harm that would occur if the Debtor does not have immediate access to use of cash collateral to fund the continued operation of its business, payroll and critical expenses in order to preserve the value of the estate, as referenced in the Debtor's budget attached hereto. Simultaneous to the filing of this instant motion, the Debtor is filing an emergency motion for authority to pay pre-petition wage obligations. As certain of the Debtor's bills come due on February 7, 2014, the Debtor respectfully requests that this motion be set for hearing on or before February 6, 2014.**

Debtor-in-Possession, United Electronics, Corporation (the "Debtor"), through its proposed undersigned counsel, seeks the entry of an order: (i) authorizing its proposed use of cash collateral pursuant to 11 U.S.C. § 363; (ii) granting adequate protection to the secured creditors referenced below pursuant to 11 U.S.C. §§ 361 and 363; and (iii) scheduling a final hearing on this motion within 30 days of the date hereof. In support of this motion (the "Motion"), the Debtor states:

### Jurisdiction

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 4001(d)(1)(D).

---

**Background**

3. On February 4, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed.

5. The Debtor is in the business of manufacturing, selling, distributing and marketing connectors, cable assemblies and power distribution panels. The Debtor operates at 15751 SW 41 St # 300, Davie, FL 33331.

6. Upon information and belief, the Debtor's pre-petition secured creditors who may claim an interest in the Debtor's cash collateral are UEC Acquisition Holdings LLC (as assignee of Summit Financial Resources, L.P.), APZB Industries, First Premier Capital LLC, Meidar Holdings LLC and World Global Financing Inc. The additional pre-petition secured creditors who the Debtor believes does not have an interest in the Debtor's cash collateral, and instead have interest(s) in certain equipment and other tangible assets, are 360 Equipment Finance, LLC, De Lage Landen Financial Services, Inc., Intech Funding Corp, M & T Credit Services, LLC, Manufacturers and Traders Trust Company, Pawnee Leasing Corporation, Sterling National Bank, Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance, Inc. (The secured creditors referenced in this paragraph shall collectively be referred to as the "Secured Creditors".) The Debtor reserves the right to challenge the validity, priority and extent of the Secured Creditors' liens against the Debtor's assets, as well as the validity of the Secured Creditors' claims against the Debtor.

7. Furthermore, although certain of the loan documents between the Secured Creditors and the Debtor may appear to be a lease, the Debtor reserves the right to assert that they are really financing agreements under applicable law, rather than "true leases".

**Cash Collateral and the Relief Requested by the Debtor**

8. Through this Motion, the Debtor seeks an Order of this Court authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. §§ 105 and 363, Fed. R. Bank. P. 4001(b)(2) and Local Rule 4001-3, since any cash collateral generated by the Debtor may constitute the cash collateral of the Secured Creditors.

9. The Debtor has an immediate and critical need to use cash collateral in order to preserve and protect the value of its assets. The Debtor will need to use cash collateral to conduct its operation, including, but not limited to, payment of wages, supplies and outside services. The Debtor's approximate cash needs for the next six (6) weeks (the "Budget Period") are set forth in the budget attached hereto as Exhibit "A" (the "Budget"). The Debtor requests that the Court approve the Debtor's use of cash collateral within a 10% variance from the Budget. Without the ability to continue to use cash collateral, the Debtor's estate and creditors would suffer immediate and irreparable harm.

10. Specifically, without the use of cash collateral to pay ongoing operating expenses, the Debtor will be required to discontinue its business operation, which would cause immediate and irreparable harm not only to the Chapter 11 estate, but to the potential recovery of creditors. It is only through the Debtor's continued business activities and the generation of revenue therefrom that the Debtor will be able to continue operating.

11. 11 U.S.C. § 363(c)(2) permits a debtor-in-possession to use, sell or lease "cash collateral" if: (a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use, sale or lease. If a secured creditor does not consent to the use of its cash collateral, the Court may authorize a debtor to use cash collateral if it determines that the debtor has provided "adequate protection" to the secured creditor's interest in the cash collateral. *See* 11 U.S.C. § 363(c)(2)(B) and 363(c)(3).

---

12. While the Bankruptcy Code does not explicitly define "adequate protection", it does suggest that adequate protection may be provided by: (a) periodic cash payments to the extent that there is a decrease in the lien holder's interest in the property; (b) providing additional or replacement liens; or (c) other relief resulting in the realization of the "indubitable equivalent" of the lien holder's interest in the property. *See* 11 U.S.C. § 361.

13. The Debtor acknowledges that the Secured Creditors, assuming that the Secured Creditors have valid claims and are properly secured and perfected in the cash collateral, may have a lien on the cash collateral in accordance with 11 U.S.C. §§ 361 and 363. In connection therewith and in an abundance of caution, the Debtor seeks the use of cash collateral in its operations, and as such, if necessary, it will provide adequate protection to the Secured Creditors pursuant to the terms hereof.

14. Therefore, the Debtor requests that the Court conduct a preliminary hearing pursuant to Fed. R. Bank. P. 4001(b)(2) and authorize the Debtor to use cash collateral on an interim basis pending a final hearing.

15. In addition to the protections set forth below, the Secured Creditors are adequately protected in that the Debtor's proposed Budget illustrates that the Debtor will be operating on a cash flow positive basis and the Debtor agrees to grant the Secured Creditors replacement liens on post-petition assets to the extent their pre-petition collateral is diminished by the Debtor's use of cash collateral. Accordingly, the Secured Creditors' collateral is not being impaired by the Debtor's requested use herein.

16. Supplemental to the replacement liens, the Debtor will furnish the Secured Creditors with such financial and other information as the Secured Creditors reasonably request with respect to the Debtor's operations.

17. Notwithstanding the above, the Secured Creditors are adequately protected for any potential diminution in the value of the pre-petition collateral, including any diminution resulting from the Debtor's use of the cash collateral, during the Budget Period.

18. First, the Debtor is operating at a cash-flow positive basis.

19. Second, the Debtor proposes to provide replacement liens on the pre-petition collateral, to the extent of the Secured Creditors' pre-petition liens, as "adequate protection" for the Debtor's use of cash collateral proposed herein.

20. Finally, the Debtor further proposes to provide replacement liens on the Debtor's post-petition cash and accounts receivable, to the extent of any Secured Creditors' lien(s) on accounts receivable pre-petition.

21. The Secured Creditors are only entitled to protection against the decline in value of its pre-petition collateral resulting from the Debtor's use of cash collateral. The granting of the replacement liens set forth above provide the Secured Creditors with more than sufficient adequate protection within the meaning of 11 U.S.C. §§ 361 and 363(e). 11 U.S.C. § 361(2) expressly provides that the granting of a replacement lien constitutes a means of providing adequate protection.

22. In addition to the foregoing, the Budget includes a proposed monthly adequate protection payment to Secured Creditor UEC Acquisition Holdings LLC, in the amount of $14,000.00 per month.

23. Furthermore, the use of cash collateral will preserve the Debtor's going concern, resulting in a higher distribution to unsecured creditors.

24. Pursuant to Fed. R. Bankr. P. 4001(b)(2), the Court can approve the Debtor's request for use of cash collateral during the 15 day period following of the filing of this Motion "as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

25. Accordingly, the Debtor submits that the Court should approve the Debtor's proposed use of cash collateral on an interim basis, and schedule a final hearing.

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

**Local Rule 9075-1 Certification**

26.I hereby certify that I attempted to resolve this matter prior to filing this Motion but was unable to do so.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (in the form attached as Exhibit "B"): (i) authorizing its proposed use of cash collateral pursuant to 11 U.S.C. § 363; (ii) granting adequate protection to the secured creditors referenced above pursuant to 11 U.S.C. §§ 361 and 363; (iii) scheduling a final hearing on this motion within 30 days of the date hereof; and (iv) for such other and further relief as the Court deems just and proper.

Dated: February 4, 2014.LEIDERMAN SHELOMITH, P.A.
Proposed Attorneys for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zshelomith@lslawfirm.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on February 4, 2014 to Joshua W. Dobin, Esq., Counsel for UEC Acquisition Holdings LLC, via e-mail to jdobin@melandrussin.com and via U.S. Mail to all parties on the attached service list.

By:_____/s/_____
Zach B. Shelomith

---

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 14-12674-JKO<br>Southern District of Florida<br>Fort Lauderdale<br>Tue Feb  4 13:58:41 EST 2014 | United Electronics, Corporation<br>15751 SW 41 St # 300<br>Davie, FL 33331-1520 | 360 Equipment Finance, LLC<br>300 Beardsley Ln Bldg D # 201<br>Austin, TX 78746-4952 |
| APZB Industries<br>300 Ledgewood Pl # 301<br>Rockland, MA 02370-1098 | De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Rd<br>Wayne, PA 19087-1453 | First Premier Capital LLC<br>5201 Eden Ave<br>Minneapolis, MN 55436-2449 |
| Intech Funding Corp<br>201 E Huntington Dr # 201<br>Monrovia, CA 91016-8010 | M & T Credit Services, LLC<br>1 M & T Plaza<br>Buffalo, NY 14203-2309 | (p)M&T BANK<br>LEGAL DOCUMENT PROCESSING<br>1100 WHERLE DRIVE<br>WILLIAMSVILLE NY 14221-7748 |
| Meidar Holdings LLC<br>3305 Corporate Ave<br>Weston, FL 33331-3501 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Pawnee Leasing Corporation<br>700 Centre Ave<br>Fort Collins, CO 80526-1842 |
| Sea Wire and Cable, Inc.<br>c/o Donald S. Hillsberg, Esq.<br>POB 26683<br>Fort Lauderdale, FL 33320-6683 | Stanley Oremland<br>12634 NW 56 Dr<br>Coral Springs, FL 33076-3479 | Sterling National Bank<br>42 Broadway 3rd Fl<br>New York, NY 10004-3908 |
| Steven J. Gumenick<br>3135 W Gulf Dr # 203<br>Sanibel, FL 33957-5657 | UEC Acquisition Holdings LLC<br>c/o Joshua W. Dobin, Esq.<br>Meland Russin & Budwick, P.A.<br>200 S Biscayne Blvd # 3200<br>Miami, FL 33131-5323 | Wells Fargo Bank, N.A.<br>300 Tri-State International # 400<br>Lincolnshire, IL 60069-4417 |
| Wells Fargo Equipment Finance, Inc.<br>733 Marquette Ave # 700<br>Minneapolis, MN 55402-2309 | Whitewater Capital Management, LLC<br>c/o Joshua W. Dobin, Esq.<br>Meland Russin & Budwick, P.A.<br>200 S Biscayne Blvd # 3200<br>Miami, FL 33131-5323 | World Global Financing Inc<br>888 Biscayne Blvd<br>Miami, FL 33132-1548 |
| Zach B Shelomith<br>2699 Stirling Rd # C401<br>Ft Lauderdale, FL 33312-6598 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Manufacturers and Traders Trust Company<br>1 M & T Plaza<br>Buffalo, NY 14203 | End of Label Matrix<br>Mailable recipients     21<br>Bypassed recipients      0<br>Total                   21 |

# United Electronics Corporation
# Operating budget
## for the six weeks ending in March 17, 2014

| WEEK BEGINNING | | Description | 2/10/2014 | 2/17/2014 | 2/24/2014 | 3/3/2014 | 3/10/2014 | 3/17/2014 | |
|---|---|---|---|---|---|---|---|---|---|
| | Projected Book Ship Revenue | | | | | | | | |
| | Projected Unbooked Revenue | | | | | | | | |
| **TOTAL REVENUE - BOOK SHIPPED & PROJECTED** | | | 220,000 | 300,000 | 320,000 | 300,000 | 300,000 | 300,000 | |
| **REVENUE - ACTUAL** | | | **220,000** | **300,000** | **320,000** | **300,000** | **300,000** | **300,000** | |
| | Revenue variance | | - | - | - | - | - | - | |
| **MATERIALS - PROJECTED** | | | 81,400 | 159,000 | 169,600 | 159,000 | 159,000 | 159,000 | |
| **MATERIALS - ACTUAL** | | | **81,400** | **159,000** | **169,600** | **159,000** | **159,000** | **159,000** | |
| | Material variance | | - | - | - | - | - | - | |
| **PAYROLL and PAYROLL EXPENSES** | | | 60,361 | 60,361 | 60,361 | 60,361 | 60,361 | 60,361 | |
| **EXPENSES** | | | 60,878 | 61,778 | 60,878 | 61,778 | 62,186 | 62,278 | |
| **NET OPERATING (LOSS) CASH Actual** | | | **17,361** | **18,861** | **29,161** | **18,861** | **18,453** | **18,361** | |
| | Net operating (loss) cash - projected | | 17,361 | 18,861 | 29,161 | 18,861 | 18,453 | 18,361 | |
| | | | | | | | | | |
| Other income or expenses | | | | | | | | | |
| Equipment Leases | | | 12,210 | 12,210 | 12,210 | 12,210 | 12,210 | 12,210 | |
| Adequate Protection Payment - UEC Acquisition Holdings, LLC | | | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | |
| **SALVAGE** | scrap sales | | 3,200 | 3,200 | 3,200 | 3,200 | 3,200 | 3,200 | |
| | | | 12,510 | 12,510 | 12,510 | 12,510 | 12,510 | 12,510 | |
| | | | | | | | | | |
| Net Operating & Other Cash Actual | | | 4,851 | 6,351 | 16,651 | 6,351 | 5,943 | 5,851 | |
| | Net operating & other cash - projected | | 4,851 | 6,351 | 16,651 | 6,351 | 5,943 | 5,851 | 45,998 |
| | | | | | | | | | |
| Wages | | | | | | | | | |
| | SALARIES - ASSEMBLY | | 11,266 | 11,266 | 11,266 | 11,266 | 11,266 | 11,266 | |
| | SALARIES - MANUFACTURING | | 6,193 | 6,193 | 6,193 | 6,193 | 6,193 | 6,193 | |
| | SALARIES - SG&A | | 19,957 | 19,957 | 19,957 | 19,957 | 19,957 | 19,957 | |
| | SALARIES - QA | | 3,965 | 3,965 | 3,965 | 3,965 | 3,965 | 3,965 | |
| | SALARIES - ENGINEERING | | 8,673 | 8,673 | 8,673 | 8,673 | 8,673 | 8,673 | |
| | COMMISSIONS-SALES | | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | |
| | TEMP | | | | | | | | |
| | TAXES-PAYROLL | | 4,307 | 4,307 | 4,307 | 4,307 | 4,307 | 4,307 | |
| | TOTAL WAGES | | 60,361 | 60,361 | 60,361 | 60,361 | 60,361 | 60,361 | |
| EXPENSES | | | | | | | | | |
| Insurance | | | | | | | | | |
| | travelers insurance-epli | Insurance - liability | 928 | 928 | 928 | 928 | 928 | 928 | |
| | premium assignment - workers comp and coventry - health | Insurance - workers comp | 5,300 | 5,300 | 5,300 | 5,300 | 5,300 | 5,300 | |
| | TOTAL INSURANCE | | 6,228 | 6,228 | 6,228 | 6,228 | 6,228 | 6,228 | |
| Licenses, profesional fee's and Taxes | | | | | | | | | |

|       |                                        |         |        |        |        |        |        |        |
|-------|----------------------------------------|---------|--------|--------|--------|--------|--------|--------|
|       | Licenses and Taxes                     |         |        | 2,450  | 2,450  | 2,450  | 2,450  | 2,450  | 2,450  |
|       | TOTAL LICENSES AND TAXES               |         |        | 2,450  | 2,450  | 2,450  | 2,450  | 2,450  | 2,450  |
| Rent  |                                        |         |        |        |        |        |        |        |        |
|       | Principal Life Insurance               | $       | 27,515 | 6,350  | 6,350  | 6,350  | 6,350  | 6,350  | 6,350  |
|       | TOTAL SUBSCRIPTION                     |         |        | 8,800  | 8,800  | 8,800  | 8,800  | 8,800  | 8,800  |
| Utility |                                      |         |        |        |        |        |        |        |        |
|       | office supply                          |         | 300    | 300    | 300    | 300    | 300    | 300    | 300    |
|       | internet xo internet                   |         | 652    | 652    | 652    | 652    | 652    | 652    | 652    |
|       | adt quarterly security                 |         |        | 2,620  | 2,620  | 2,620  | 2,620  | 2,620  | 2,620  |
|       | fpl electric                           |         |        |        |        |        |        |        |        |
|       | xo phone                               |         |        |        |        |        |        |        |        |
|       | TOTAL UTILITY                          |         |        | 3,572  | 3,572  | 3,572  | 3,572  | 3,572  | 3,572  |
| Other |                                        |         |        |        |        |        |        |        |        |
|       | outside services                       |         |        | 1,060  | 1,060  | 1,060  | 1,060  | 1,060  | 1,060  |
|       | travel                                 |         |        | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  |
|       | repairs and maintenance - shop supplies |        |        | 2,250  | 2,250  | 2,250  | 2,250  | 2,250  | 2,250  |
|       | auto expence and fuel                  |         |        | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  |
|       | computer expence                       |         |        | 808    | 808    | 808    | 808    | 808    | 808    |
|       | Consumable                             |         |        | 3,000  | 3,000  | 3,000  | 3,000  | 3,000  | 3,000  |
|       | Misc.                                  |         |        | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  | 2,500  |
|       | LTL - transportation                   |         |        | 6,000  | 6,900  | 6,000  | 6,900  | 7,308  | 7,400  |
|       | UPS - transportation                   |         |        | 3,500  | 3,500  | 3,500  | 3,500  | 3,500  | 3,500  |
|       | TOTAL OTHER                            |         |        | 24,118 | 25,018 | 24,118 | 25,018 | 25,426 | 25,518 |
|       | Total Expenses                         |         |        | 60,878 | 61,778 | 60,878 | 61,778 | 62,186 | 62,278 |

**PROPOSED ORDER – EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                           Case No. 14-12674-BKC-JKO

UNITED ELECTRONICS, CORPORATION,                 Chapter 11

    Debtor.
_____/

**ORDER GRANTING DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) AUTHORIZING USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION; AND (3) SCHEDULING A FINAL HEARING**

THIS CAUSE came on before the Court on _____, 2014 at _____, upon the Debtor-In-Possession's Emergency Motion for Entry of an Order (1) Authorizing Use of Cash Collateral, (2) Granting Adequate Protection; and (3) Scheduling a Final Hearing (the "Motion"). Having reviewed the Motion, hearing arguments of counsel, and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

    1.    The Motion is GRANTED.

    2.    <u>Use of Cash Collateral.</u>  The Debtor is authorized to use cash collateral as defined in 11 U.S.C. § 363(a) on an interim basis to pay in the ordinary course of its business for the purposes contained in the budget attached as Exhibit "A" to the Motion (the "Budget"),

through and including _____, 2014 at _____, unless extended by further order of this Court.  The Debtor is also authorized: (i) to exceed any line item on the Budget by an amount equal to ten (10) percent of each such line item; or (ii) to exceed any line item by more than ten (10) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the total Budget.

3. <u>Replacement Liens as Adequate Protection to Secured Creditors.</u> Notwithstanding the provisions of 11 U.S.C. § 552(a), and in addition to the security interests preserved by 11 U.S.C. § 552(b), the Debtor grants in favor of the Secured Creditors (as defined in the Motion), as security for all indebtedness that is owed by the Debtor to the Secured Creditors, under its secured documentation, but only to the extent that Secured Creditors' cash collateral is used by the Debtor, a first priority post-petition security interest and lien in, to and against all of the Debtor's assets, to the same extent that the Secured Creditors held a properly perfected pre-petition security interest in such assets, which are or have been acquired, generated or received by the Debtor subsequent to the Petition Date.  Under no circumstance shall the Secured Creditors have a lien on any of the Debtor's assets that it did not have a right to pre-petition.  Furthermore, the Debtor's rights to seek a bifurcation and modification under 11 U.S.C. §§ 506 and 1123(b)(5) of the Secured Creditors' claims are preserved, as are the Secured Creditors' right to object to same, at the appropriate time.

4. <u>Adequate Protection Payment to UEC Acquisition Holdings LLC</u>.  In addition to the foregoing, as additional adequate protection to UEC Acquisition Holdings LLC, the Debtor shall make a monthly adequate protection payment to UEC Acquisition Holdings LLC in the amount of $14,000.00 per month.  The adequate protection payments mentioned in this paragraph may be subject to reallocation pursuant to further Court order and consistent with 11 U.S.C. § 506(b).

5. <u>No Novation.</u>  This Order shall not cause a novation of any of Secured Creditors' secured documentation.

6. <u>Creditor Not Deemed Owner or Operator.</u>  Solely by agreeing to the use of cash

collateral by the Debtor, the Secured Creditors shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or its assets.

      7.    <u>Non-Waiver of Rights and Remedies.</u>  This Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of Debtor or Secured Creditors under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee.  The adequate protection payments set forth above are meant solely to be in the form of adequate protection, and do not bind the Debtor or any other Secured Creditor with respect to proposed Plan treatment or payments, and does not waive the rights of any party with respect thereto.

      8.    <u>Duration.</u>  The provisions of this Order shall remain in effect until 5:00 p.m. on _____.

      9.    <u>Further Hearing.</u>  This Court shall hold a further hearing on the Debtor's use of cash collateral on _____, 2014 at _____ at the United States Courthouse, 299 E Broward Blvd, Room 301, Ft. Lauderdale, FL 33301.

**###**

**Submitted by:**

Zach B. Shelomith, Esq.
Leiderman Shelomith, P.A.
2699 Stirling Rd # C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zshelomith@lslawfirm.net

**Copies furnished to:**

Zach B. Shelomith, Esq.

Attorney Shelomith is directed to serve copies of this order on all interested parties and to file a certificate of service.